# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, <br><br> v. <br><br> COUNCIL FOR THE ADVANCEMENT OF SOCIAL SERVICES AND EDUCATION d/b/a CASSE COMMUNITY HEALTH INSTITUTE, DEFENDANT. | CIVIL ACTION NO. 23-808 <br><br> JURY DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Destiny Johnson. The defendant, Council for the Advancement of Social Services and Education d/b/a CASSE Community Health Institute, (hereinafter "CASSE"), discriminated against Ms. Johnson on the basis of her race and retaliated against her for complaining of racial discrimination or otherwise engaging in protected activity.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Western District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, CASSE has continuously been a corporation doing business in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, CASSE has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this action, Ms. Johnson filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by CASSE.

7. On or about November 2, 2022, the Commission issued to CASSE a letter of determination ("determination") finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with CASSE to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about January 25, 2023, the Commission issued to CASSE a notice of conciliation failure, advising it that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

STATEMENT OF CLAIMS

11. Since at least June 2020, CASSE has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), by subjecting Ms. Johnson to a hostile work environment on the basis of her race, discharging her because of her race, and retaliating against her for opposing unlawful discrimination or otherwise engaging in protected activity.

A. CASSE is a not-for-profit organization that operates several health clinics in northwestern Louisiana.

B. From July 2019 until her termination in June 2020, Charging Party worked as a Dental Assistant at CASSE's clinic in Shreveport, Louisiana.

C. Ms. Johnson is Black.

  D. Ms. Johnson was supervised by the clinic's Dental Director, Dr. Edward Gray Chumley.

  E. Ms. Johnson was also supervised by the clinic's billing manager Karen Weber.

  F. Dr. Chumley and Ms. Weber are White.

  G. In or around early June 2020, at a time of widespread racial justice protests, Ms. Johnson witnessed Dr. Chumley make racially offensive comments.

  H. Ms. Johnson witnessed Dr. Chumley propose putting on blackface and rioting and looting as part of the racial justice protests.

  I. Also in or around early June, Ms. Johnson witnessed Dr. Chumley inform a coworker that he was okay with her so long as she was not a part of an Antifa group or Black Lives Matter.

  J. Dr. Chumley then singled Ms. Johnson out—in front of other White employees—and asked her if she had attended the racial justice protests. Ms. Johnson was the only Black employee in the room.

  K. Ms. Johnson reported to her supervisor Ms. Weber, coworkers, and another manager that Dr. Chumley's comments and actions made her uncomfortable.

  L. In response to her complaint, a White coworker informed Ms. Johnson that Dr. Chumley was racist and warned Charging Party that she should not be surprised if she got fired.

M. Ms. Weber reported Charging Party's complaint to CASSE's Chief Executive Officer, Mary Elizabeth Chumley.

N. Mary Elizabeth Chumley is White and is married to Dr. Chumley.

O. Within one hour of learning of Ms. Johnson's complaint, Ms. Chumley placed Ms. Johnson on unpaid administrative leave.

P. Afterwards, a White dentist reported to Ms. Chumley that she witnessed Dr. Chumley question Ms. Johnson about her participation in the racial justice protests. The dentist reported that she felt uncomfortable about Dr. Chumley's treatment of Ms. Johnson and that it seemed that Ms. Johnson had been targeted because she was Black.

Q. The White dentist also reported that she was aware that Dr. Chumley made racial comments in the clinic, but that she had not witnessed them herself.

R. Ms. Chumley proceeded with Ms. Johnson's termination.

S. After Ms. Johnson's termination, CASSE hired a White Dental Assistant to fill her position.

T. Dr. Chumley's conduct materially altered the terms or conditions of Ms. Johnson's employment.

U. CASSE terminated Ms. Johnson because of her race.

V. CASSE also terminated Ms. Johnson because she complained of race discrimination or otherwise engaged in activity protected by Title VII.

W. CASSE's actions were malicious and/or in reckless disregard of Ms. Johnson's federally protected rights to be free from discrimination or retaliation in the workplace.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining CASSE, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its employees on the basis of race.

B. Grant a permanent injunction enjoining CASSE, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against any person who opposes or reports a practice believed to be unlawful under Title VII or because they filed a formal or informal complaint of discrimination or otherwise engages in protected activity.

C. Order CASSE to institute and carry out policies, practices, and programs that provide equal employment opportunities for Black or African American applicants and employees, that prevent and remedy retaliation in the workplace, and that eradicate the effects of its past and present unlawful employment practices.

D. Order CASSE to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

E.    Order CASSE to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

F.    Order CASSE to make Ms. Johnson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

G.    Order CASSE to make Ms. Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job-search expenses, in amounts to be determined at trial.

H.    Order CASSE to make Ms. Johnson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

I.    Order CASSE to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs of this action.

Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Dated: June 15, 2023                     Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

*/s/ Elizabeth J. Owen*
**Elizabeth J. Owen, (#33620) T.A.**
  elizabeth.owen@eeoc.gov | (504) 635-2535
Peter F. Theis (#34786)
  peter.theis@eeoc.gov | (504) 635-2548
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Counsel for U.S. Equal Employment Opportunity Commission

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Mary Chumley,
2120 Bert Kouns Industrial Loop
Shreveport, LA 71118