UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 23-00808 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COUNCIL FOR THE ADVANCEMENT OF SOCIAL SERVICES AND EDUCATION D/B/A CASSE COMMUNITY HEALTH INSTITUTE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Council for the Advancement of Social Services and Education d/b/a CASSE Community Health Institute ("CASSE") against the U.S. Equal Employment Opportunity Commission ("EEOC"). See Record Document 9. EEOC filed an opposition. See Record Document 13. For the reasons stated below, CASSE's motion is **DENIED**.

**BACKGROUND**

From July 2019 until her termination in June 2020, Destiny Johnson ("Johnson") worked as a dental assistant at CASSE's clinic in Shreveport, Louisiana. See id. at 2. The clinic's dental director, Dr. Edward Gray Chumley ("Dr. Chumley"), and billing manager, Karen Weber ("Weber"), supervised Johnson. See id. Mary Elizabeth Chumley ("Ms. Chumley") is Dr. Chumley's wife and CASSE's Chief Executive Officer. See id.

In early June 2020, Johnson allegedly witnessed Dr. Chumley make racially offensive comments, including proposing to join racial justice protests in blackface and

go rioting and looting. See id. Johnson claims she witnessed Dr. Chumley tell a co-worker that he was okay with her so long as she was not a part of an Antifa group or Black Lives Matter. See id. Additionally, Johnson alleges that Dr. Chumley singled her out in a room full of White employees and asked her whether she had attended the racial justice protests. See id.

Johnson reported to Weber, coworkers, and another manager that Dr. Chumley's comments and actions made her feel uncomfortable. See id. Weber relayed Johnson's complaints to Ms. Chumley. See id. After Johnson complained, she alleges that a White coworker informed her that Dr. Chumley was racist and warned her that she should not be surprised if she got fired. See id.

Within one hour of her learning of Johnson's complaints, Ms. Chumley placed Johnson on unpaid administrative leave. See id. at 3. Johnson claims this action was done in response to her complaint about Dr. Chumley's conduct. See id. Shortly thereafter, Ms. Chumley proceeded to finalize Johnson's termination, which Johnson contends was based on her race and in retaliation for her complaints. See id. CASSE replaced Johnson with a White dental assistant. See id.

EEOC asserts numerous federal law claims on behalf of Johnson against CASSE. See Record Document 9 at 2. EEOC asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I"). See id. The core allegations assert that CASSE subjected Johnson to racial discrimination and subsequently retaliated against her when she reported the discriminatory behavior. See id.

After Johnson filed a charge of discrimination alleging race and retaliation with EEOC against CASSE, EEOC issued to CASSE a letter of determination on November 2, 2022. See id. EEOC alleges it was able to discern a reasonable cause to believe that CASSE had indeed contravened the provisions of Title VII. See id. On or about January 25, 2023, EEOC issued to CASSE a notice of conciliation failure, stating that the attempts to amicably reconcile and redress the discriminatory acts proved fruitless. See id. On June 15, 2023, EEOC filed this action alleging that CASSE engaged in unlawful discrimination and retaliation in violation of Title VII. See id.

CASSE seeks dismissal pursuant to Rule 12(b)(6) of EEOC's claims of alleged violations under 42 U.S.C. § 2000e-5(f)(1) and (3); race discrimination and retaliation under Title VII; 42 U.S.C. § 1981(a); and Title I. See id. at 3–4. CASSE raises three legal arguments in its motion: (1) EEOC's Complaint is in violation of the statute of limitations; (2) EEOC's Complaint fails to state a claim for discrimination; and (3) EEOC's Complaint fails to state a claim for retaliation. See Record Document 13 at 5. EEOC filed an opposition, asserting the following arguments: (1) there is no statute of limitations on a suit brought by the EEOC; (2) the well-pleaded facts state a claim of race discrimination; and (3) the well-pleaded facts state a claim of retaliation. See id. at 1–2.

## LAW AND ANALYSIS

**I. Pleading and Dismissal Standards.**

Federal Rule of Civil Procedure 8(a)(2) governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility"

standard found in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F. 2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standards to survive such a motion. See id. at 678–79, 1949–50. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

**II. Statute of Limitations.**

"Federal law provides two separate time limits for prospective plaintiffs to file their charge of discrimination, depending on whether the unlawful conduct occurred in a 'deferral state.'" Barr v. Stripes L.L.C., No. 21-20278, 2022 WL 1044695, at *4 (5th Cir. Apr. 7, 2022). If the unlawful conduct occurred in a non-deferral state, a plaintiff has 180

days to file a charge of discrimination. Id. If the conduct occurred in a deferral state, a plaintiff has 300 days to file a charge of discrimination. Id. "In Louisiana, a Title VII plaintiff must file an EEOC charge within 300 days of the alleged unlawful employment practice." Aziz v. MMR Grp., Inc., 530 F. Supp. 3d 644, 650 (M.D. La. 2019). See 42 U.S.C. § 2000e-5(e); Price v. Choctaw Glove & Safety Co., 459 F. 3d 595, 598 n.7 (5th Cir. 2006).

### III. Title VII Discrimination Claim.

To successfully establish a prima facie case of racial discrimination under Title VII, a plaintiff must demonstrate the following: "(1) [she] is a member of a protected group; (2) [she] was qualified for the position at issue; (3) [she] was subject to an adverse employment action; and (4) [she] was treated less favorably than a similarly situated employee outside of [her] protected group under nearly identical circumstances." Thompson v. Houma Terrebonne Hous., No. 18-9394, 2019 WL 2524591, at *3 (E.D. La. June 19, 2019) (citing Lee v. Kan. City S. Ry. Co., 574 F. 3d 253, 259 (5th Cir. 2009)).

When a claim of discrimination under Title VII is based on circumstantial evidence, the McDonnel Douglas burden-shifting regime applies. Id. See Caldwell v. KHOU-TV, 850 F. 3d 237, 241 (5th Cir. 2017). Under this "three-part framework," the plaintiff must first establish the prima facie case for discrimination under Title VII. Id. (citing Morris v. Town of Independence, 827 F. 3d 396, 400 (5th Cir. 2016)). However, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff is not required to produce the prima facie case for discrimination. Id. See Raj v. La. State Univ., 714 F. 3d 322, 331 (5th Cir. 2013); see also Stone v. La. Dept. of Revenue, 590 Fed. Appx. 332, 339 (5th Cir. 2014). "Rather, at the pleading stage, [plaintiff] must 'plead sufficient facts on all the ultimate elements of a disparate treatment claim to make [her] case plausible.'" Id. See Chhim v.

5

Univ. of Tex. at Austin, 836 F. 3d 467, 470 (5th Cir. 2016); see also Stone, 590 Fed. Appx. at 339. "To determine if sufficient facts are pled, 'it can be helpful to reference the McDonnell Douglas framework on which [the plaintiff] would continue to rely if [she] based [her] claim on circumstantial evidence.'" Id. (quoting Chhim, 836 F. 3d at 470). Even so, it is important to remember that "[t]he prima facie case under McDonnell Douglas…is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Soreman N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002).

**IV. Title VII Retaliation Claim.**

To successfully establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate the following: "(1) [she] engaged in protected activity; (2) an adverse employment action resulted; and (3) the protected activity and the adverse action are causally linked." Thompson, 2019 WL 2524591, at *3 (citing Baker v. Am. Airlines, Inc., 430 F. 3d 750, 754 (5th Cir. 2005) (citations omitted)).

When a claim of retaliation under Title VII is based on circumstantial evidence, the McDonnel Douglas burden-shifting regime applies. Id. See Caldwell v. KHOU-TV, 850 F. 3d at 241. Under this "three-part framework," the plaintiff must first establish the prima facie case for retaliation under Title VII. Id. (citing Morris, 827 F. 3d at 400). However, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff is not required to produce the prima facie case for retaliation. Id. See Raj, 714 F. 3d at 331; see also Stone, 590 Fed. Appx. at 339. "Rather, at the pleading stage, [plaintiff] must 'plead sufficient facts on all the ultimate elements of a…[retaliation] claim to make [her] case plausible.'" Id. See Chhim, 836 F. 3d at 470; see also Stone, 590 Fed. Appx. at 339. "To determine if sufficient facts are pled, 'it can be helpful to reference the McDonnell Douglas

6

framework on which [the plaintiff] would continue to rely if [she] based [her] claim on circumstantial evidence.'" Id. (quoting Chhim, 836 F. 3d at 470). Even so, it is important to remember that "[t]he prima facie case under McDonnell Douglas…is an evidentiary standard, not a pleading requirement." Swierkiewicz, 534 U.S. at 510, 122 S. Ct. at 997.

**V. Analysis.**

CASSE seeks dismissal of all EEOC's claims because its Complaint is in violation of the statute of limitations, fails to state a claim for discrimination, and fails to state a claim for retaliation. See Record Document 13 at 1. In its opposition, EEOC rebuts each of these arguments. See id. at 1–2. First, the Complaint establishes that the administrative charge that gave rise to the litigation was timely filed within 300 days of the unlawful discrimination, and no statute of limitations applies to EEOC's lawsuits. See id. Second, the Complaint states a claim of race discrimination. See id. at 2. Johnson was subjected to a hostile work environment because of her race, and she was discharged and replaced by a White person. See id. Third, the Complaint states a claim of retaliation. See id. Johnson opposed the racially offensive remarks, and CASSE suspended her without pay within an hour, firing her almost immediately thereafter. See id.

The Court agrees with EEOC that the Complaint is not in violation of the statute of limitations. Under the law, Johnson's administrative charge must have been filed with EEOC within 300 days of the unlawful discrimination since the alleged unlawful conduct occurred in Louisiana, a deferral state. The conduct complained of occurred in June 2020, and Johnson filed her administrative charge on August 24, 2020. See id. at 6. Thus, her charge was timely filed. CASSE misunderstands the law. The 300-day period does not apply to when EEOC can file an enforcement action in federal court. Rather, the 300-day

period applies to the time a plaintiff must file an administrative charge with EEOC. Therefore, CASSE's statute of limitations argument is unsuccessful.

Furthermore, the Court finds that EEOC has sufficiently pleaded claims of discrimination and retaliation under Title VII. At this stage of the proceeding, the Court is reviewing only the allegations within the Complaint, which must be accepted as true. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. From the Complaint, sufficient facts are alleged, making the Title VII discrimination and retaliation claims plausible.

As stated above, the prima facie case for a Title VII discrimination claim requires a plaintiff to establish four elements. There are sufficient facts within the Complaint demonstrating the plausibility of EEOC's claim. First, Johnson is a member of a protected group because she is Black. See Record Document 1 at 3. Many courts, including the Fifth Circuit, have held that a Black person is a member of a protected group. See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr., 245 F. 3d 507, 513 (5th Cir. 2001). Second, Johnson worked at CASSE from July 2019 to June 2020. See Record Document 1 at 3. CASSE asserts no evidence showing that she was not qualified for the position of dental assistant.

Third, Johnson was placed on unpaid administrative leave and then fired thereafter. See id. at 5. The Fifth Circuit has recently held that "to plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." Hamilton v. Dall. Cnty., 79 F. 4th 494, 502 (5th Cir. 2023). Under this broader interpretation of the third element, being fired shortly after placed on unpaid administrative leave constitutes an adverse employment action.

8

Fourth, after Johnson's termination, CASSE hired a White dental assistant to fill her position. See Record Document 1 at 5. To satisfy the fourth element of the prima facie case, it is sufficient for a plaintiff to "show that [she] was replaced by someone outside of [her] protected class or was treated less favorably than a similarly situated comparator of another race." Harris v. Drax Biomass Inc., 813 Fed. Appx. 945, 948 (5th Cir. 2020). Here, Johnson was replaced by someone outside of her protected class. In Harris, the Fifth Circuit found that the plaintiff did not meet the fourth element because he was replaced by someone in his protected class. Id. The instant case is distinguishable.

Therefore, CASSE's assertion that EEOC has failed to state a claim for discrimination under Title VII is unsuccessful. This claim has facial plausibility because EEOC has pleaded "factual content that allows the [C]ourt to draw the reasonable inference that [CASSE] is liable for the misconduct alleged." Hamilton, 79 F. 4th at 499.

As mentioned above, the prima facie case for a Title VII retaliation claim requires a plaintiff to establish three elements. There are sufficient facts within the Complaint demonstrating the plausibility of EEOC's claim. First, Johnson engaged in a protected activity when she reported to Weber, coworkers, and another manager that Dr. Chumley's comments and actions made her uncomfortable. See Record Document 1 at 4. The Fifth Circuit has found that an internal complaint is a protected activity under Title VII. See Wright v. Union Pac. R.R. Co., 990 F. 3d 428, 434 (5th Cir. 2021).

Second, after complaining about Dr. Chumley's actions, Johnson was placed on unpaid administrative leave and then fired shortly thereafter. See Record Document 1 at 5. The broader definition for what constitutes an adverse employment action mentioned in Hamilton applies to all Title VII claims, including retaliation. See Harrison v. Brookhaven

Sch. Dist., 82 F. 4th 427, 428 (5th Cir. 2023). Thus, like a discrimination claim under Title VII, termination is considered an adverse employment action in a Title VII retaliation claim. See Joanna Smith, Plaintiff—Appellant, v. Honorable Frank Kendall, Sec'y of the Air Force, Defendant—Appellee, No. 23-50713, 2024 WL 4442040, at *7 (5th Cir. Oct. 8, 2024). Therefore, Johnson's termination constitutes an adverse employment action.

Third, within one hour of learning of Johnson's complaint, Ms. Chumley placed Johnson on unpaid administrative leave. See Record Document 1 at 5. Then, Ms. Chumley proceeded with Johnson's termination. See id. This third and final element requires showing a causal connection between the protected activity, Johnson's internal complaint, and the adverse action, her termination. Under Fifth Circuit precedent, "close timing permits an inference of causation." Wright, 990 F. 3d at 434. In fact, a period of two months between the protected activity and adverse action "is sufficient to show [a] casual connection for purposes of a prima facie case." Outley v. Luke & Assocs., Inc., 840 F. 3d 212, 219 (5th Cir. 2016).

In the instant case, Johnson complained of Dr. Chumley's conduct in or around early June 2020. See Record Document 1 at 4. Johnson was terminated in June 2020. See id. at 3. Even though no specific dates were mentioned in the Complaint, the period between the protected activity and adverse employment action was close in time. Under Fifth Circuit precedent, less than two months is sufficient to show a causal connection. At this stage of the proceeding, EEOC has alleged sufficient facts "permitting at least an inference of [CASSE's] knowledge of [Johnson's] protected conduct in order to establish the required causal link between her conduct and the alleged retaliation." Wright, 990 F. 3d at 434.

10

Therefore, CASSE's assertion that EEOC has failed to state a claim for retaliation under Title VII is also unsuccessful. This claim has facial plausibility because EEOC has pleaded "factual content that allows the [C]ourt to draw the reasonable inference that [CASSE] is liable for the misconduct alleged." Hamilton, 79 F. 4th at 499. Thus, CASSE's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that CASSE's Rule 12(b)(6) Motion to Dismiss (Record Document 9) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of October, 2024.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT