UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 23-0808 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COUNCIL FOR THE ADVANCEMENT OF SOCIAL SERVICES AND EDUCATION D/B/A CASSE COMMUNITY HEALTH INSTITUTE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Council for the Advancement of Social Services & Education d/b/a CASSE Community Health Institute's ("CASSE") Motion for Reconsideration (Record Document 57). Plaintiff Equal Employment Opportunity Commission's ("EEOC") on behalf of Destiny Johnson ("Johnson") opposes the Motion (Record Document 59). Based on the reasons explained below, the Motion is **DENIED**.

**APPLICABLE STANDARDS**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may be brought under Rules 54(b), 59(e), or 60(b). See Southern Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. 2013).

Because the Court's summary judgment ruling is interlocutory, Rule 54(b) governs. Under Rule 54(b), a district court "possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Cormier v. Turnkey Cleaning Servs., LLC, 295 F. Supp. 3d 717, 720 (W.D. La. 2017) (citing Fed. R. Civ. P. 54(b)).

Rule 54(b) motions are generally evaluated under the same standards applicable to Rule 59(e) motions to alter or amend a final judgment. See Fogleman-Laxey v. Guillory, 2023 WL 2435103, at *1 (W.D. 2023). "Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: '(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law.'" Id. (citing In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)).

Reconsideration is an "extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Such motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments" that could have been raised prior to the challenged ruling. Templet, 367 F.3d at 479. When there exists no independent reason for reconsideration other than disagreement with the Court's prior order, reconsideration should be denied. See Southern Snow, 921 F. Supp. 2d at 566.

## ANALYSIS

This is an employment discrimination action brought by the EEOC suit on behalf of Johnson alleging retaliation, race discrimination, and hostile work environment. See Record Document 1. The EEOC subsequently moved for partial summary judgment on liability as to all three claims. See Record Document 36. After full briefing, the Court granted summary judgment on liability as to the retaliation claim only and denied summary judgment on the remaining claims. See Record Documents 54 & 55.

In granting summary judgment on the retaliation claim, the Court determined that Johnson engaged in protected activity, suffered a materially adverse employment action when she was placed on unpaid administrative leave and subsequently discharged, and

that the record established the requisite causal connection. See Record Document 54 at 4–8. The Court further concluded that CASSE's proffered performance-based explanation did not create a genuine dispute of material fact sufficient to defeat summary judgment on liability. See id. at 7.

CASSE now seeks reconsideration, arguing primarily that the Court erred in concluding that placement on administrative leave constituted an adverse employment action. See Record Document 57-1 at 5–7. In support, CASSE relies on Breaux v. City of Garland, 205 F.3d 150 (5th Cir. 2000). CASSE's reliance on Breaux is misplaced. In Breaux, the Fifth Circuit expressly noted that the plaintiff "was paid while on leave and returned to his pre-leave position." 205 F.3d at 158. The court concluded that the administrative leave at issue was not adverse precisely because it was paid and did not result in any material change to the employee's position. See id. The leave was temporary, compensated, and ultimately resulted in reinstatement to the same role. See id.

The circumstances here are materially different. Johnson was placed on unpaid administrative leave and was not restored to her pre-leave position. Instead, her employment was terminated. Unlike in Breaux, the leave in this case involved a loss of pay and culminated in discharge. The Court therefore did not err in determining that the unpaid leave and resulting termination constituted materially adverse actions under Title VII's retaliation framework.

CASSE's remaining arguments similarly fail to establish manifest error. CASSE does not identify any intervening change in controlling law, newly discovered evidence, or factual misstatement in the Court's prior ruling. Rather, the Motion reasserts arguments previously made at summary judgment regarding performance deficiencies, alleged

3

dishonesty, and credibility of affidavit testimony. See Record Document 57-1. A motion for reconsideration is not a vehicle for re-urging arguments that have already been considered and rejected. See Templet, 367 F.3d at 479.

The Court did not disregard Defendant's evidence; rather, it evaluated that evidence under the governing Rule 56 framework. At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant, but summary judgment is appropriate where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" only if a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The summary judgment record included text messages reflecting that Johnson was placed on unpaid administrative leave immediately following her complaint of racially discriminatory conduct to allow for an investigation. See Record Document 36-9. Here, the Court considered CASSE's performance-based explanations and affidavits, but when comparing that evidence to the text message by Beth Chumley stating the reason for Johnson's placement on unpaid leave, no reasonable jury could find that the adverse employment action was taken for any other reason. Where the record contains direct evidence linking the adverse action to protected activity, summary judgment is appropriate unless the employer establishes that it would have taken the same action absent the protected conduct. See Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C., 778 F.3d 473, 475 (5th Cir. 2015). As explained in the Court's prior memorandum ruling (Record Document 54) CASSE did not meet its burden.

Disagreement with the Court's application of the summary judgment standard does not constitute manifest error. See Templet, 367 F.3d at 479. The Court applied the proper standards and concluded that the record taken, as a whole, did not present a genuine dispute of material fact on liability for retaliation. Accordingly, the Court finds no clear error of law or fact that would justify reconsideration. The prior ruling does not warrant the "disfavored, extraordinary remedy" CASSE seeks. Johnson v. Faniel, 2020 WL 262758, at *2 (W.D. La. 2020).

## CONCLUSION

Based on the reasons explained above, CASSE's Motion for Reconsideration (Record Document 57) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of February, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT